IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| HAWAII REGIONAL COUNCIL OF CARPENTERS and UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 745, | ) ) ) ) ) ) | Civ. No. 16-00198 ACK-KSC |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| LANCE YOSHIMURA, | ) ) | |
| Defendant. | ) ) | |

ORDER GRANTING PLAINTIFFS HAWAII REGIONAL COUNCIL OF CARPENTERS
AND UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
LOCAL 745'S MOTION FOR PARTIAL SUMMARY JUDGMENT

For the reasons discussed below, the Court GRANTS

Plaintiffs Hawaii Regional Council of Carpenters and United

Brotherhood of Carpenters and Joiners of America, Local 745's

Motion for Partial Summary Judgment, ECF No. 36.

FACTUAL BACKGROUND

Hawaii Regional Council of Carpenters ("HRCC") and

United Brotherhood of Carpenters and Joiners of America, Local

745 ("Local 745") (collectively, "Plaintiffs") argue that Lance

Yoshimura ("Yoshimura" or "Defendant") breached his fiduciary

duties under the Labor Management Reporting and Disclosure Act

of 1959 ("LMRDA") in relation to his recording of union meetings

and taking of union property.   The parties do not dispute the
facts discussed below.

## I.   Recording of Union Meetings

### A. Recording of Local 745 Meetings

Yoshimura was Local 745's Recording Secretary.  Pls.'
Concise Statement of Facts ("CSF") 3, Chang Decl. ¶ 4, Ex. 2.
Pursuant to Local 745's Bylaws, its Executive Committee is
responsible for promoting Local 745's general welfare.  Pls.'
CSF 2, Chang Decl. ¶ 3, Ex. 1, § 21.  Also pursuant to the
Bylaws, the Recording Secretary is an officer of Local 745.
Chang Decl., Ex. 1, § 18.  On March 24, 2014, Local 745's
Executive Committee held a meeting.  Pls.' CSF 1, Chang Decl.
¶ 4, Ex. 2.  As Recording Secretary, Yoshimura was responsible
for keeping minutes and attended the March 24, 2014 meeting in
this capacity.  Pls.' CSF 3, Chang Decl. ¶ 4, Ex. 2.

During the March 24, 2014 meeting, the Executive
Committee passed two resolutions "re-affirming" Local 745's
"existing policy that there shall be no recording, whether by
tape, digital or video, of any Unit meeting of members,"
including the Executive Committee meetings.  Pls.' CSF 4, Chang
Decl. ¶¶ 4-5, Ex. 2, Attachments 1 & 2.[1]  The resolutions passed

---

[1] One of the resolutions referred to above was titled
"Policy on Local 745 Meetings."  Chang Decl. Ex. 2, Attachment
1.  However, Plaintiffs' CSF refers to this document as a
(continued . . . )

without opposition.  Pls.'s CSF 5, Chang Decl. ¶¶ 4-5, Ex. 2, at 3.  Yoshimura did not oppose the resolutions.  Pls.' CSF 6, Chang Decl. ¶ 8.  Yoshimura was secretly recording the meeting and continued to record the meeting even after the resolutions were passed.  Pls.' CSF 7, Chang Decl. ¶ 9; Shanley Decl. ¶ 3, Ex. 10.

The resolutions were announced at Local 745's membership meeting which was held later in the day on March 24, 2014.  Pls.' CSF 8, Chang Decl. ¶ 6.  Yoshimura recorded the membership meeting despite the resolutions.  Pls.' CSF 10.[2] Yoshimura recorded the next two Local 745 unit meetings on April 2 and 3, 2014.  Pls.' CSF 11, Taketa Decl. ¶¶ 11-12, Shanley Decl. ¶ 3, Ex. 10.

Prior to the passing of the resolutions, Yoshimura had previously recorded Local 745's unit meeting on March 12, 2014.  Pls.' CSF 12, Taketa Decl. ¶ 9, Shanley Decl. ¶ 3, Ex. 10.  At this meeting, an instruction was given that recording meetings was prohibited.  Pls.' CSF 13, Shanley Decl. ¶ 3, Ex. 10.

---

( . . . continued)
"resolution" and Yoshimura has admitted the entirety of Plaintiffs' CSF.  ECF No. 48.

[2] There does not appear to be evidentiary support in the Declarations and Exhibits attached to the CSF for the statement in the CSF that this membership meeting was recorded.  However, the CSF notes that the membership meeting was recorded and Yoshimura has admitted the entirety of Plaintiffs' CSF.  ECF No. 48.

**B. Recording of HRCC Executive Committee Meeting**

On March 24, 2014, HRCC held a meeting of its Executive Committee.  Pls.' CSF 15, Taketa Decl. ¶ 5, Taketa Decl. ¶ 6, Ex. 4.  Yoshimura attended the meeting in his capacity as Vice President of HRCC.  Pls.' CSF 17, Taketa Decl. ¶ 5, Taketa Decl. ¶ 6, Ex. 4.  Yoshimura also attended the meeting as a delegate of Local 745 representing the local union to the HRCC.  Pls.' CSF 18, Taketa Decl. ¶ 5.  HRCC's Bylaws state that "the Local Unions in the vicinity of Hawaii affiliate ourselves into an organization that shall be known as the" HRCC. Taketa Decl. Ex. 3, at 1.

At the March 24, 2014 meeting, the Executive Committee passed a resolution[3] prohibiting "recording, whether by tape, digital or video" of HRCC meetings including Executive Committee meetings.  Pls.' CSF 19, Taketa Decl. ¶ 5, Taketa Decl. ¶ 6, Ex. 4, at 2.  Yoshimura did not oppose the resolution.  Pls.' CSF 21, Taketa Decl. ¶¶ 7, 10.  Yoshimura digitally recorded the HRCC Executive Committee meeting.  Pls.' CSF 22, Taketa Decl. ¶ 10, Shanley Decl. ¶ 3, Ex. 10.

---

[3] At the Executive Committee Meeting, the resolution was referred to as the establishment of a policy.  Taketa Decl. ¶ 6, Ex. 4, at 2.  However, Plaintiffs' CSF refers to the policy as a "resolution" and Yoshimura has admitted the entirety of Plaintiffs' CSF.  ECF No. 48.

## II.   Possession of Union Records

HRCC terminated Yoshimura from his employment on March 7, 2014.[4]  Pls.' CSF 24, Taketa Decl. ¶ 13, Ex. 5.  The termination notice asked that Yoshimura "turn over all . . . property belonging to" HRCC.  Pls.' CSF 25, Taketa Decl. ¶ 13, Ex. 5.

Notwithstanding, Yoshimura kept at least two documents that he had obtained through his employment with HRCC.  Pls.' CSF 27, Taketa Decl. ¶¶ 15-19.  The first document, dated June 25, 2013,[5] was a computer printout of HRCC's Executive Secretary-Treasurer Ronald Taketa's union records, which included his home address and social security number.  Pls.' CSF 28, Taketa Decl. ¶ 16, Ex. 6.  The second was a computer printout of the payroll information for HRCC employee Kyle Chock, which contained his address and social security number as well as information about his salary.  Pls.' CSF 29, Taketa Decl. ¶ 18, Ex. 8.  Taketa's Declaration provides that "Yoshimura did not have the right or

---

[4] The Court notes that Yoshimura's date of termination preceded the dates of the meetings Yoshimura attended and recorded, discussed above.  At the hearing on Plaintiffs' Motion, Plaintiffs' counsel explained that Yoshimura was terminated from his employment at HRCC on March 7, 2014, but maintained his role as an officer of both HRCC and Local 745.

[5] The CSF state that this document was dated June 25, 2014. However, the document contains the date June 25, 2013.  Taketa Decl. Ex. 6.

legitimate purpose to obtain these documents."  Taketa Decl.
¶ 20.

## PROCEDURAL BACKGROUND

Prior to the filing of the instant suit, on July 21,
2015, Yoshimura filed a complaint against "Hawaii Carpenters
Union Local 745, nka the Hawaii Regional Council of Carpenters"
(the "Union") and Ronald Taketa in the Circuit Court of the
First Circuit, State of Hawaii asserting claims related to his
termination from the Union ("State Court Action").  Memorandum
in Opposition to Motion to Dismiss, Shanley Decl. Ex. 1 ("State
Court Complaint"), ECF No. 23-2 (capitalization omitted).
Yoshimura alleged that from 2000 until March 7, 2014, he was an
employee of the Union.  Id. ¶¶ 6, 19.  According to the State
Court Complaint, in preparation for an upcoming audit, the Union
sought to falsify time records to cover up its failure to keep
accurate and complete records.  Id. ¶ 8.  Yoshimura was
instructed to inform Union business representatives to create
false time records.  Id. ¶ 9.  Yoshimura claimed that he
repeatedly objected to the Union's scheme and eventually filed
complaints with both the Department of Labor and the Federal
Bureau of Investigation.  Id. ¶¶ 9, 12, 15, 18.  In
retaliation, according to Yoshimura, the Union terminated his
employment.  Id. ¶ 19.

The Union removed the action to this district court arguing that the claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").  <u>Lance Yoshimura v. Hawaii Carpenters Union Local 745 nka the Hawaii Regional Council of Carpenters, et al.</u>, Civ. No. 15-00292 HG-RLP, ECF No. 1.  The Union also filed in this district court a counterclaim for violation of § 501(a) of the LMRDA alleging that Yoshimura breached his fiduciary duty to the Union by causing dissension, trying to divide the staff for his own interests, and falsely accusing the Union of stealing assets for his own personal gain ("Counterclaim").  Memorandum in Opposition to Motion to Dismiss, Shanley Decl. Ex. 2 (Counterclaim) ¶ 22, ECF No. 23-3.

This district court determined that ERISA did not preempt Yoshimura's claims and, accordingly, that the court lacked subject matter jurisdiction.  Motion to Dismiss, Ex. 1 (Order Denying Defendants' Motion to Dismiss Plaintiff's Complaint and Remanding Proceedings to the Circuit Court of the First Circuit, State of Hawaii), at 20, ECF No. 12-2.  The court held that the Counterclaim could not serve as a basis for the court's federal question jurisdiction and, accordingly, remanded the case on October 15, 2015.  <u>Id.</u> at 19-21.

On April 26, 2016, Plaintiffs filed the instant case against Yoshimura.  Compl., ECF No. 1.  The Complaint includes

7

two causes of action: 1) Breach of Fiduciary Duties under the LMRDA (29 U.S.C. § 501(a)) related to Yoshimura's alleged theft of union and membership records, secret audio recordings of confidential conversations, and breach of confidential agreements, id. ¶¶ 27, 28, 34-35; and 2) Violation of the Federal Wiretap Statute, (18 U.S.C. § 2510, et seq.), in relation to allegations of secret audio recordings of confidential conversations, id. ¶¶ 40-43.

On June 9, 2016, Yoshimura filed a Motion to Dismiss the Complaint or in the Alternative for Judgment on the Pleadings.  The Court denied the Motion to Dismiss finding that Plaintiffs' claims in the instant suit were not compulsory counterclaims to the State Court Action; and that the Complaint's wiretap claim was sufficiently pled.  Order Denying Defendant's Motion to Dismiss the Complaint or in the Alternative for Judgment on the Pleadings, ECF No. 26, at 17-19, 21-23.

On November 14, 2016, Plaintiffs filed the instant Motion for Partial Summary Judgment along with a Concise Statement of Facts.  ECF Nos. 36-37.  On January 13, 2017, Defendant filed an Opposition along with a Concise Statement in Opposition to Motion for Partial Summary Judgment.  ECF Nos. 47-48.  Defendant's Concise Statement in Opposition admits the

entirety of Plaintiffs' Concise Statement of Facts.  ECF No. 48.
Plaintiffs filed their Reply on January 23, 2017.  ECF No. 53.

The Court held a hearing on the Motion on February 6,
2017.

## STANDARD

Summary judgment is proper where there is no genuine
issue of material fact and the moving party is entitled to
judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a)
mandates summary judgment "against a party who fails to make a
showing sufficient to establish the existence of an element
essential to the party's case, and on which that party will bear
the burden of proof at trial."  Celotex Corp. v. Catrett, 477
U.S. 317, 322 (1986).

"A party seeking summary judgment bears the initial
burden of informing the court of the basis for its motion and of
identifying those portions of the pleadings and discovery
responses that demonstrate the absence of a genuine issue of
material fact."  Soremekun v. Thrifty Payless, Inc., 509 F.3d
978, 984 (9th Cir. 2007) (citing Celotex, 477 U.S. at 323).
"When the moving party has carried its burden under Rule
56[(a)], its opponent must do more than simply show that there
is some metaphysical doubt as to the material facts [and] . . .
come forward with specific facts showing that there is a *genuine
issue for trial*."  Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 586–87 (1986) (footnote omitted) (citations omitted).

## DISCUSSION

### I.  Whether the Union Plaintiffs Can Maintain a Claim Pursuant to § 501(a) of the LMRDA

The parties have not addressed the issue of whether the union Plaintiffs can sue under § 501(a) of the LMRDA.  The Court notes that in Building Material & Dump Truck Drivers, Local 420 v. Traweek, 867 F.2d 500, 506 (9th Cir. 1989), the Ninth Circuit considered whether a union had subject matter jurisdiction to sue pursuant to § 501(b) of the LMRDA.  Section 501(b) provides:

> **(b) Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses**
>
> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge

> may allot a reasonable part of the recovery in
> any action under this subsection to pay the fees
> of counsel prosecuting the suit at the instance
> of the member of the labor organization and to
> compensate such member for any expenses
> necessarily paid or incurred by him in connection
> with the litigation.

29 U.S.C. § 501(b).

In Traweek, the court held that "[t]he clear language" of § 501(b) did "not contemplate a suit brought by a union" and instead only allowed claims brought by individual union members after the union refuses to sue.  867 F.2d at 506-07.  On this basis, the court found it lacked subject matter jurisdiction to adjudicate the union's § 501(b) claim.  Id. at 507.

Here, however, the union Plaintiffs argue that Yoshimura has breached his fiduciary duties under § 501(a) of the LMRDA and do not invoke § 501(b).  Section 501(a) provides that, "The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group."  29 U.S.C. § 501(a).  It continues by discussing specific fiduciary duties of "such person[s]."  Id.

At least one court in this Circuit has maintained that in Traweek, the Ninth Circuit "did not consider whether Section 501(a) implies a right of action by unions."  Serv. Emps. Int'l Union v. Roselli, No. C 09-00404 WHA, 2009 WL 1382259, at *2 (N.D. Cal. May 14, 2009).  In Roselli, the Northern District of

California stated that "[t]he actual holding of Traweek expressly pertained only to Section 501(b) and not to Section 501(a)." Id.  The court proceeded to find that § 501(a) contains an implied cause of action for unions to sue, stating:

> It is very hard to see how Congress would have made the member's right of action turn on whether the union itself had already sued unless Congress meant for the union to have the right to sue as well.  That unions were omitted from (b) was only because Congress thought they were already covered in (a).  Subsection (b) was used to *expand* the ways in which the fiduciary duties would be vindicated, not to *reduce* them.

Id.

The court in Roselli "adopt[ed] the reasoning of the Seventh Circuit and Eleventh Circuit in holding that Section 501(a) implies a federal right of action in favor of labor unions to enforce the duties established therein." Id. (citing Int'l Union of Operating Engr's, Local 150, AFL-CIO v. Ward, 563 F.3d 276 (7th Cir. 2009); Int'l Union of Elec. Workers v. Statham, 97 F.3d 1416, 1421 (11th Cir. 1996)).  On this basis, the court determined that the plaintiff union's suit was "actionable under Section 501(a)" and that, accordingly, the "suit [was] anchored in federal-question jurisdiction." Id. at *3 (citing 28 U.S.C. § 1331); see also Operative Plasterers & Cement Masons Int'l Ass'n of U.S. & Canada, AFL-CIO v. Benjamin, 776 F. Supp. 1360, 1364-65 (N.D. Ind. 1991) (agreeing with Traweek that the union could not sue under § 501(b) but finding

§ 501(a) "create[d] a cause of action in favor of labor organizations against officials who breach their duties to the organization").

The Court agrees with _Roselli_ that _Traweek_ did not foreclose the possibility of a union maintaining a cause of action under § 501(a)[6] and agrees with _Roselli's_ determination that an implied cause of action exists for unions to sue under § 501(a).  _See Roselli_, 2009 WL 1382259, at *2; _see also Ward_, 563 F.3d at 288 ("As our discussion makes clear, we agree with the Eleventh Circuit that the text and remedial structure of § 501(a) and (b), read together, imply both federal rights and a federal remedy for labor organizations against union officers

---

[6] Other courts appear to have interpreted _Traweek_ as prohibiting unions from filing claims under § 501.  In _Guidry v. Sheet Metal Workers National Pension Fund_, in a footnote, the Supreme Court stated:

> Courts have reached inconsistent positions on the question whether a union may bring suit under § 501.  Compare _Building Material and Dump Truck Drivers, Local 420 v. Traweek_, 867 F.2d 500, 506-507 (CA9 1989) (no right of action), with _Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees v. Orr_, 95 LRRM 2701, 2702, 1977 WL 1661 (ED Tenn. 1977) (union has right of action to allege a violation of § 501).  We need not resolve that question here.

493 U.S. 365, 375 (1990); _see also Int'l Union, Sec., Police & Fire Prof'ls of Am. v. Faye_, 828 F.3d 969, 971-72 (D.C. Cir. 2016) (stating that _Traweek_ found there was no implied cause of action for a union under § 501 of the LMRDA).

who violate their statutory duties."); Statham, 97 F.3d at 1421 (holding that based on the legislative history and the statutory structure, "section 501(a) was intended to create a federal cause of action that can be asserted by the union on its own behalf"). The court's holding in Traweek was based on the express language of § 501(b) and did not consider whether a federal cause of action for a union plaintiff may be implied in the statutory scheme. See Traweek, 867 F.2d at 506-07. Indeed, the court explicitly stated that it was reversing the district court's judgment "to the extent that it was predicated on a violation of § 501(b) because the union could not initiate the suit as a sole party plaintiff and therefore the district court lacked subject matter jurisdiction to consider the claim." Id. at 507 (emphasis added).

Notably, since Traweek was decided, the Ninth Circuit has appeared to recognize that a union can sue under § 501(a) for union officials' breaches of fiduciary duties. In Services Employees International Union v. National Union of Healthcare Workers, 718 F.3d 1036, 1041 (9th Cir. 2013), the court was faced with the question of whether § 501 of the LMRDA "create[d] a fiduciary duty to the union as an organization, not merely the union's rank-and-file members." The court answered the question in the affirmative, holding that "[t]he plain language of the statute demonstrates that union officers owe this duty to the

14

organization as a whole, not merely to the rank and file." Id. at 1045.

Services Employees International Union was an appeal taken from the jury's verdict in Roselli, discussed above. The jury determined that that the defendant union officials "diverted union resources in an attempt to establish a new competing local union" and in doing so "breached" their fiduciary duties pursuant to § 501 of the LMRDA. Id. at 1041.

The question of whether § 501(a) provided an implied cause of action for the union, discussed in Roselli, was not an issue on appeal in Services Employees International Union and was not addressed by the Ninth Circuit. Nonetheless, by finding that the defendant union officials owed a duty to the union as a whole, the Ninth Circuit appeared to accept that such a cause of action may be asserted. Indeed, in Services Employees International Union, the union was bringing the claim against union officials, as opposed to individual union members bringing the claim. See Servs. Emps. Int'l Union, 718 F.3d at 1044 ("What makes this case unusual, and one of first impression for us, is that usually a union member, not a parent organization like SEIU, asserts a § 501 claim against union officers.").[7]

_____

[7] In Services Employees International Union, the court stated that it did not need to decide "whether § 501 imposes a duty owed to the international union itself" and "decide[d] only

(continued . . . )

Accordingly, and for the reasons discussed above, the Court finds that Plaintiffs can sue Defendant under § 501(a) of the LMRDA.  Because the suit involves § 501(a), the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.[8]

## II.  Whether Yoshimura's Actions Resulted in a Breach of Fiduciary Duties Pursuant to § 501(a)

Plaintiffs argue that they are entitled to summary judgment on their LMRDA claim because Yoshimura's recording of union meetings in violation of union policies and resolutions and his retention of union documents amounted to breaches of his fiduciary duties under § 501(a) of the LMRDA.  Memorandum in Support of Motion for Partial Summary Judgment ("Mem."), at 6, ECF No. 36-1.  In his Opposition, Defendant claims that the grounds of misconduct cited to by Plaintiffs do not demonstrate

---

( . . . continued)
that § 501 imposes a duty to the local union as an organization."  Id. at 1046.  Here, an international union is not at issue.  Yoshimura was an officer of both Local 745 and HRCC and owed fiduciary duties to both unions in this role.

[8] Traweek discussed the issue of whether a union could sue under § 501(b) as pertaining to the court's subject matter jurisdiction.  However, since Traweek was decided, the Supreme Court has cautioned courts to draw distinctions between questions of whether a plaintiff can assert a cause of action and whether the district court has subject matter jurisdiction.  See Arbaugh v. Y&H Corp., 546 U.S. 500 (2006); see also Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1388 n.4 (2014).  As some other courts have since held, the question of whether a union can assert a cause of action under § 501(a) appears to be nonjurisdictional under this framework.  See Faye, 828 F.3d at 972; D.C. Nurses Ass'n v. Brown, 153 F. Supp. 3d 1, 2-3 (D.D.C. 2016).

breaches of his fiduciary duties under § 501.  Defendant's
Opposition to Motion for Partial Summary Judgment ("Opp."), at
3, ECF No. 47.  On this basis, Defendant maintains that he is
entitled to partial summary judgment on the LMRDA claim as a
matter of law.  Id.  The Court finds Plaintiffs' arguments
persuasive.

        Pursuant to § 501 of the LMRDA, "officers of labor
unions are held to the highest standards of responsibility and
ethical conduct in administering the affairs of the union."
Servs. Employees Int'l Union, 718 F.3d at 1044.  As provided for
in § 501(a), "The officers, agents, shop stewards, and other
representatives of a labor organization occupy positions of
trust in relation to such organization and its members as a
group."  29 U.S.C. § 501(a).  The statute further provides:

        It is, therefore, the duty of each such person,
        taking into account the special problems and
        functions of a labor organization, to hold its
        money and property solely for the benefit of the
        organization and its members and to manage,
        invest, and expend the same in accordance with
        its constitution and bylaws and any resolutions
        of the governing bodies adopted thereunder, to
        refrain from dealing with such organization as an
        adverse party or in behalf of an adverse party in
        any matter connected with his duties and from
        holding or acquiring any pecuniary or personal
        interest which conflicts with the interests of
        such organization, and to account to the
        organization for any profit received by him in
        whatever capacity in connection with transactions
        conducted by him or under his direction on behalf
        of the organization.

17

Id.

In Stelling v. International Brotherhood of Electrical Workers Local Union No. 1547, the Ninth Circuit considered whether § 501 "is addressed to the fiduciary duties of officers of a labor organization in all their capacities or only in their functions related to union financial interests."  587 F.2d 1379, 1386 (9th Cir. 1978).  The court adopted "the 'broad view'" of the statute, based on its review of the relevant case law and legislative history, and held that "union officials have fiduciary duties even when no monetary interest of the union is involved."  Id.  The court found that Congress intended § 501 "to apply to fiduciary responsibilities of union officials, agents, and representatives, in any area of their authority." Id. at 1387.  The court cautioned, however, that its decision "[did] not mean that courts have power to intervene in intra-union affairs at slight provocation or on any invitation," rather, "judicial interference should be undertaken only with great reluctance."  Id.

The Court first considers Plaintiffs' claim that Yoshimura's recording of union meetings resulted in breaches of his fiduciary duties.  In Stelling, after applying a broad construction to § 501(a), the Ninth Circuit noted that "Section 501 serves as a means for courts to intervene in union affairs when a fiduciary breach is demonstrated, and such a breach

occurs when union officials fail to comply with the union constitution." 587 F.2d at 1389. Indeed, several courts have found a breach of fiduciary duties pursuant to § 501(a) when a union official violates the union constitution or bylaws.

In Kerr v. Shanks, for example, the Ninth Circuit found that the defendant union officers violated § 501 by failing to follow the referendum procedure established in the union's constitution and bylaws. 466 F.2d 1271, 1274-75 (9th Cir. 1972). In Southwest Regional Council of Carpenters v. McCarron, the central district of California court granted summary judgment for the union plaintiff based on a union official's failure to follow procedures in the union's constitution and bylaws regarding the payment of union bills. No. 2:14-cv-02762-JVC-JC, ECF No. 191, at 13-17 (C.D. Cal. Mar. 4, 2015); see also Anderson v. Int'l Union, United Plant Guard Workers of Am., 370 F.3d 542, 552-54 (6th Cir. 2004) (determining that union officials breached their fiduciary duties pursuant to the LMRDA by engaging in certain transactions that were contrary to the union's constitution); Wade v. Teamsters Local 247, 527 F. Supp. 1169, 1177 (E.D. Mich. 1981) (holding union official liable under § 501(a) for failure to hold monthly membership meetings as required under the union constitution); cf. Terrazas v. Fitzsimmons, No. 73-1426-RJK, 1974 WL 1275, at *2-3 (C.D. Cal. May 13, 1974) (finding no

violation of § 501(a) where, <u>inter alia</u>, "[t]he plaintiffs presented no evidence that the conduct of the defendants violated the constitution, bylaws, or any resolution of the labor organization defendants").

Here, it is undisputed that Yoshimura recorded several of Local 745's meetings in contravention of resolutions passed by Local 745 and that he recorded HRCC's Executive Committee meeting in contravention of a resolution passed by HRCC. Although a violation of a union resolution is arguably less severe than a violation of a union's constitution or bylaws, both involve actions that run counter to official union policy. Indeed, the resolutions at issue here were adopted by the Executive Committees of both Local 745 and HRCC and were passed without opposition.

Moreover, § 501(a) suggests that union officials must follow union resolutions along with union constitutions and bylaws as part of their fiduciary duties.  Specifically, § 501(a) provides that with respect to the handling of union money and property, union officials must "expend" such money and property "in accordance with [the union's] constitution and bylaws and any resolutions of the governing bodies adopted thereunder."  29 U.S.C. § 501(a); <u>see also</u> <u>Hood v. Journeymen Barbers, Hairdressers, Cosmetologists & Proprietors Int'l Union of Am.</u>, 454 F.2d 1347, 1355 (7th Cir. 1972) (finding a union's

pension fund committee breached its fiduciary obligations under § 501(a) where, <u>inter alia</u>, its conduct resulted in "a failure to expend monies in accordance with a resolution adopted by a governing body under the Union's Constitution").

Yoshimura does not argue that his actions were somehow authorized by union policy or the union's governing documents. Instead, Yoshimura's only attempt to justify his actions is by arguing that Hawaii state law permits the recording of a communication, "when the person is a party to the communication." Opp. at 4 (quoting Haw. Rev. Stat. § 803-42(b)(3)(A)[9]). The Court rejects this argument. Even if the recording at issue was not proscribed under state law, there still may be a breach of a fiduciary duty under § 501(a) of the LMRDA. Indeed, a union may forbid conduct in its constitution, bylaws, or other policies and resolutions that is not directly prohibited or addressed in state or federal law, and engaging in

---

[9] Haw. Rev. Stat. § 803-42(b)(3)(A) provides that:

> It shall not be unlawful under this part for a person not acting under color of law to intercept a wire, oral, or electronic communication when the person is a party to the communication or when one of the parties to the communication has given prior consent to the interception unless the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of this State.

such conduct can result in a breach of fiduciary duties under the LMRDA.  For instance, the Ninth Circuit found a breach of fiduciary duties under the LMRDA when union officials failed to follow voting procedures pursuant to the union's constitution; and union voting procedures are likely not otherwise regulated by federal or state law.  See Kerr, 466 F.2d at 1274-75. Yoshimura points to no authority indicating otherwise.

At the hearing on Plaintiffs' Motion, Yoshimura cited to 29 U.S.C. § 413 in support of his argument regarding Haw. Rev. Stat. § 803-42(b)(3)(A).  29 U.S.C. § 413 provides that "[n]othing contained in this subchapter shall limit the rights and remedies of any member of a labor organization under any State or Federal law or before any court or other tribunal, or under the constitution and bylaws of any labor organization."  However, the subchapter referred to is entitled "Bill of Rights of Members of Labor Organizations," and consists of 29 U.S.C. §§ 411-415, which are not at issue here.  Plaintiffs' claims are under 29 USC § 501(a) and not §§ 411-415.  More importantly, finding a breach of fiduciary duty based on violations of the unions' resolutions in this case does not limit Yoshimura's rights or remedies under state law, nor does it limit his rights or remedies under federal law, before any court or tribunal, or under the constitution and bylaws of any labor organization. Nothing under the aforementioned federal or state statutes takes

22

away any rights or remedies of Yoshimura; however, the subject union resolutions prohibited recording of union meetings and consequently, Yoshimura's recording of the referenced meetings constituted a breach his fiduciary duties under § 501(a).  See, e.g., Kerr, 466 F.2d at 1274-75; Hood, 454 F.2d at 1355; Sw. Reg'l Council of Carpenters, No. 2:14-cv-02762-JVC-JC, at 13-17.

Notably, in Stelling, in considering whether the appellees' actions could be justified by the union's interpretation of the constitutional provision at issue, the court noted, "The proper inquiry has been described as 'whether there was arguable authority for the officer's act from the officer's viewpoint at the time, not from a court's more sophisticated hindsight.'"  587 F.2d at 389 n.10 (citing D. Leslie, Federal Courts and Union Fiduciaries, 76 Col. L. Rev. 1314, 1319 (1976)).  Here, Yoshimura has not raised any viable authority to support his actions.  Accordingly, and for the reasons discussed above, the Court finds that Yoshimura breached his fiduciary duties to both Local 745 and HRCC by recording union meetings in contravention of the unions' resolutions.

The Court next turns to Plaintiffs' claim that Yoshimura's possession of union records resulted in a violation of § 501(a).  The Court notes that § 501(a) specifically refers to the duty of union officers "to hold . . . [union] property solely for the benefit of the organization."  29 U.S.C.

§ 501(a).  Here, Yoshimura maintained possession of HRCC's property after he was terminated.  Specifically, it is undisputed that Yoshimura kept union membership information about HRCC's Executive Secretary-Treasurer Ronald Taketa and personnel information about HRCC employee Kyle Chock.  These documents contained Taketa and Chock's social security numbers and addresses.  Pls.' CSF 28-29.  Yoshimura does not argue that he properly kept the documents pursuant to his role as Vice President of HRCC after his termination nor does he provide any evidence that he kept the documents "for the benefit of the organization."  29 U.S.C. § 501(a).  Moreover, Taketa's Declaration provides that "Yoshimura did not have the right or legitimate purpose to obtain these documents."  Taketa Decl. ¶ 20.

Yoshimura does not dispute the facts surrounding his retention of the documents or attempt to justify his actions by countering the evidence brought forth by Plaintiffs.  Indeed, Yoshimura makes no argument contesting Plaintiffs' claim other than noting that § 501 "is not a catch-all provision under which union officials can be sued on any ground of misconduct which the plaintiffs choose to charge them."  Opp. at 3 (quoting Phillips v. Osborne, 403 F.2d 826, 829 (9th Cir. 1968)).  The Court is cognizant that "judicial interference" in union affairs "should be undertaken only with great reluctance."  Stelling,

24

587 F.2d at 1387.   Here, however, Yoshimura has offered no

substantiated explanation for his possession of union documents

in violation of the duties explicitly described under § 501(a).

Accordingly, the Court finds that Yoshimura's retention of

HRCC's documents resulted in a breach of his fiduciary duties to

HRCC.   <u>Cf.</u> <u>United States v. Dist. Council of N.Y. City</u>, No. 90

CIV. 5722 RMB, 2013 WL 2451737, at *6 (S.D.N.Y. June 5, 2013)

(noting that a union officer's "disclosure . . . of confidential

personal identification information about members of [the union]

including social security numbers, without safeguards or prior

approval was contrary to his fiduciary responsibility").[10]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs

Hawaii Regional Council of Carpenters and United Brotherhood of

Carpenters and Joiners of America, Local 745's Motion for

---

[10] At the hearing, Defendant argued that Yoshimura's
retention of the documents was not in the scope of § 501(c).   29
U.S.C. § 501(c) provides that

> Any person who embezzles, steals, or unlawfully
> and willfully abstracts or converts to his own
> use, or the use of another, any of the moneys,
> funds, securities, property, or other assets of a
> labor organization of which he is an officer, or
> by which he is employed, directly or indirectly,
> shall be fined not more than $10,000 or
> imprisoned for not more than five years, or both.

Plaintiffs raised § 501(c) in their Reply but have not asserted
a claim under this section.   The Court finds only that Yoshimura
breached his fiduciary duties pursuant to § 501(a).

Partial Summary Judgment, ECF No. 36.  Accordingly, the Court

also DENIES Defendant's request for partial summary judgment,

made in his Opposition.  The Court notes that Plaintiffs' Motion

for Partial Summary Judgment does not address the proper remedy

for Yoshimura's breaches of fiduciary duties.  Accordingly, the

Court does not consider this issue at this time.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 16, 2017.



Alan C. Kay
Sr. United States District Judge

Hawaii Regional Council of Carpenters and United Brotherhood of Carpenters
and Joiners of America, Local 745 vs. Lance Yoshimura, Civ. No. 16-00198 ACK-
KSC, Order Granting Plaintiffs Hawaii Regional Council of Carpenters and
United Brotherhood of Carpenters and Joiners of America, Local 745's Motion
for Partial Summary Judgment