IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII REGIONAL COUNCIL OF CARPENTERS, AND UNITED BROTHERHOOD OF CARPENTERS AND JOINDERS OF AMERICA, LOCAL 745, <br><br> Plaintiffs, <br><br> vs. <br><br> LANCE YOSHIMURA, <br><br> Defendant. | CIVIL NO. 16-00198 ACK-KSC <br><br> ORDER GRANTING DEFENDANT LANCE YOSHIMURA'S MOTION TO MODIFY SUBPOENA |

<u>ORDER GRANTING DEFENDANT LANCE YOSHIMURA'S
MOTION TO MODIFY SUBPOENA</u>

Before the Court is Defendant Lance Yoshimura's Motion to Modify Subpoena, filed October 7, 2016. Plaintiffs Hawaii Regional Council of Carpenters, and United Brotherhood of Carpenters and Joinders of America, Local 745 filed an Opposition on November 30, 2016. Defendant filed a Reply on December 7, 2016.

This matter came on for hearing on February 15, 2017. Kurt Klein, Esq. and Jessica Wan, Esq. appeared on behalf of Plaintiffs. James Wade, Esq. and Richard Wilson, Esq. appeared on behalf of Defendant. After careful consideration of the parties' submissions, the

applicable law, and the arguments of counsel, the Court HEREBY GRANTS the Motion for the reasons set forth below.

## BACKGROUND

Plaintiffs commenced this action against Defendant, alleging that he violated his fiduciary duties and violated the Federal Wiretap Statute. Plaintiffs claim that Defendant stole union records and made secret illegal recordings. Defendant was Plaintiffs' employee from 2000 until March 7, 2014, when he was terminated for violating whistleblowing laws.

On September 22, 2016, Plaintiffs served subpoenas to produce documents upon AT&T and T-Mobile, requesting Defendant's cell phone records; specifically "a complete call detail report and text messaging from January 1, 2013 to present."[1]  Mem. in Supp. of Mot., Ex. 1.  October 14, 2016 was the assigned compliance

---

[1] Curiously, Plaintiffs only addressed the subpoena issued to AT&T, even though Defendant moves to modify both.

date for both subpoenas.

On October 7, 2016, Defendant filed this Motion.

### LEGAL STANDARD

When a party or attorney issues a subpoena, he or she "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  Any order compelling production or inspection following an objection to a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P. 45(d)(2)(B).

A subpoenaed party may move to quash or modify subpoenas on various grounds.  On timely motion, a court *must* quash or modify a subpoena that:  "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue

3

burden." Fed. R. Civ. P. 45(d)(3)(A). On the other hand, a court *may* quash or modify a subpoena if it requires: "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Am. Broad. Cos., Inc. v. Aereo, Inc., No. CV-12-80300-RMW, 2013 WL 1508894, at *3 (N.D. Cal. Apr. 10, 2013).

## DISCUSSION

Defendant moves to modify the time period set out in the subject subpoenas to relate to the time period relevant to Plaintiffs' claims - "January 1, 2013 to March 7, 2014". Alternatively, Defendant proposes "January 1, 2013 to June 7, 2014" because he was voted out of union office on June 7, 2014. Defendant asserts the following bases to support modification: 1) once he was terminated (or left union office), he could no longer steal records or make

4

surreptitious recordings; 2) the subpoenas are unduly burdensome; and 3) the subpoenas are designed to harass inasmuch as Plaintiffs have already received relevant records from discovery in state court.

Plaintiffs counter that Defendant lacks standing to modify the subpoenas; that the requested information is relevant because Defendant continued to make audio recordings even as recently as October 2015; and that the requested phone records may reveal actions to manipulate, forward, access, and/or use files.

A.  <u>Standing</u>

As a threshold matter, the Court must determine whether Defendant has standing to seek modification of the subpoenas.[2]  "Ordinarily a party has no standing to

---

[2]  The Court additionally finds that the Motion was timely filed.  A motion to quash must be timely filed.  Fed. R. Civ. P. 45(d)(3)(A).  "'Timely' is not defined in the rule nor elaborated upon in the advisory committee's notes." <u>U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.</u>, 238 F. Supp. 2d 270, 278 (D.D.C. 2002).  Court generally have interpreted "'timely' to mean within the time set in the subpoena for compliance." <u>Id.</u> (citing <u>Innomed Labs, LLC v. Alza Corp.</u>, 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is reasonable to assume that the motion to quash

seek to quash a subpoena issued to someone who is not a party to the action *unless the party claims some personal right or privilege with regard to the documents sought.*"  9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed. 2007) (emphasis added).

> The Ninth Circuit has yet to address the question of whether a party has standing to bring a motion to quash since usually only the subpoenaed non-party may move to quash.  The general rule, however, is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.

Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citation omitted).[3]  A party has "a personal interest in securing

---

should be brought before the noticed date of the scheduled deposition"). Here, Defendant filed the Motion prior to the subpoenas' compliance dates.

    [3]  In re Rhodes Cos., LLC, 475 B.R. 733, 738 (D. Nev. 2012) (citing Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 973-74 (C.D. Cal. 2010); Platinum Air Charters, L.L.C. v. Aviation Ventures, Inc., No. 2:05-CV1451-RCJLRL, 2007 WL 121674, at *2 (D. Nev. Jan. 10, 2007)) ("Although this rule has not been applied by the United States Court of Appeals for the Ninth

the privacy of his cell phone records." Ademiluyi v. Phillips, No.2:14-CV-00507- MMD, 2014 WL 7012493, at *2 (D. Nev. Dec. 12, 2014); Doe v. City of San Diego, No. 12-CV-0689-MMA DHB, 2013 WL 2338713, at *2 (S.D. Cal. May 28, 2013) (finding that the plaintiff has standing to move to quash the subject subpoenas because she has a privacy interest in her cell phone records).

"Conversely, '[a] party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object.'" Chevron Corp. v. Donziger, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (alteration in original).

The Court finds that Defendant has standing to assert certain arguments and not others. Because AT&T and T-Mobile failed to object, Defendant lacks standing with respect to his argument that AT&T and T-Mobile would be subject to undue burden. Id. However,

---

Circuit, other courts have applied it.").

Defendant has standing to challenge the subpoenas on other grounds because he has a personal interest in securing the privacy of his cell phone records.

B.  Modification of the Subpoenas

1.  Time Period

At the hearing, Plaintiffs argued, for the first time, that audio recordings exist from as recently as October 21, 2015, well beyond Defendant's termination date and removal from union office.  No evidence was provided to demonstrate that Defendant continued to make recordings after he left employment and union office.  Based on the limited record before the Court, and after balancing the relevance of the discovery sought, Plaintiffs' need, and the potential hardship to AT&T and T-Mobile, the Court finds that modification of the subpoenas in the manner requested by Defendant is appropriate.  Therefore, the subpoenas should be limited to the period **January 1, 2013 to June 7, 2014.**

2.   Requested Documents

The Court additionally modifies the subpoenas with respect to the text message request because the Stored Communications Act prohibits AT&T and T-Mobile from disclosing this information to Plaintiffs. Neither party briefed this issue, but it must be addressed.  "The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712, which comprises part of the Electronic Communications Privacy Act of 1986, generally prohibits 'providers of communication services from divulging private communications to certain entities and/or individuals.'"  Doe, 2013 WL 2338713, at *2 (quoting Quon v. Arch Wireless Operating Co., Inc., 529 F.3d 892, 900 (9th Cir. 2008), rev'd on other grounds by City of Ontario, Cal. v. Quon, 560 U.S. 746 (2010) (reversing on Fourth Amendment grounds only)).  Prohibitions in the SCA turn on whether a communications provider is classified as an "electronic communication service" or a "remote computing service".  Mintz v. Mark Bartelstein & Assocs., Inc., 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) (citing 18

9

U.S.C. § 2702(a)). According to the Ninth Circuit, "wireless communications providers such as AT&T are properly classified as an 'electronic communication service.'" Id. (citing Quon, 529 F.3d at 901).

As electronic communications providers, AT&T and T-Mobile are required to comply with the SCA and "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1) (emphasis added). None of the exceptions to this prohibition appear to apply, based on the limited record provided in connection with this Motion. 18 U.S.C. § 2702(b).

"The SCA does not contain an exception for civil discovery subpoenas." Mintz, 885 F. Supp. 2d at 991-92 (citing Crispin, 717 F. Supp. 2d at 976 (rejecting argument that the SCA permits the disclosure of the contents of communications pursuant to a civil discovery subpoena); Flagg v. City of Detroit, 252 F.R.D. 346, 350 (E.D. Mich. 2008) ("[A]s noted by the courts and commentators alike, § 2702 lacks any

10

language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order."); Viacom Int'l Inc. v. Youtube Inc., 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (holding that the SCA "contains no exception for disclosure of such communications pursuant to civil discovery requests"); In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of § 2702 to this case, AOL, a corporation that provides electronic communication services to the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm because the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas.")).

  As drafted – "complete call detail report and text messaging"[4] – the subject subpoenas appear to request text message content, which cannot be

---

[4] The subpoena issued to T-Mobile states "complete call detail report and text message".

11

disclosed.  At the hearing, Plaintiffs' counsel represented that Plaintiffs are not looking for content, but for transmission details, including attachments and metadata.  Arguably, this goes beyond mere records of transmission.  In any event, the requests for text messages in their present form are so generalized that the scope of the requests are unclear. If any portion of the content of the text messages is requested, AT&T and T-Mobile are prohibited from producing such information.[5]  Id. at 993 (The content of text messages may not be disclosed unless  the "Defendants are 'an addressee or intended recipient of such communication or an agent of such addressee or intended recipient,' 18 U.S.C. § 2702(b)(1), or unless AT & T obtains 'the lawful consent of the originator or an addressee or intended recipient of such communication.'  18 U.S.C. § 2702(b)(3)").

---

[5]  This is not to say that Plaintiffs may not utilize other discovery devices to obtain the information directly from Defendant.

However, if Plaintiffs merely seek subscriber information,[6] they may obtain such information. Unlike the content of electronic communications, AT&T and T-Mobile "may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications[)] . . . to any person other than a governmental entity." 18 U.S.C. § 2702(c)(6). Because Plaintiffs "are not a governmental entity,[] AT&T [and T-Mobile] may disclose to them subscriber information, other than content, consistent with the SCA." Mintz, 885 F. Supp. 2d at 992.

Based on the foregoing, to the extent the content of text communications are sought, the subpoenas are modified to exclude the requests for text messages. If Plaintiffs are in actuality requesting subscriber information as to text messages, the language in the subpoenas should be edited to more

---

[6] Subscriber information includes, for example: date, time, originating and receiving telephone number, originating cell site and sector, and duration for all calls. Mintz., 885 F. Supp. 2d at 992.

13

accurately and specifically identify the scope of the request.

In sum, the subpoenas addressed to AT&T and T-Mobile are modified as follows:  1) the date range shall be limited to "January 1, 2013 to June 7, 2014" and 2) the text message portion should be eliminated <u>or</u> amended to reflect that subscriber information, versus content, is the information being sought.

CONCLUSION

Defendant's Motion to Modify Subpoena, filed October 7, 2016, is HEREBY GRANTED for the reasons set forth above.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 17, 2017.

   

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 16-00198 ACK-KSC; <u>HAWAII REGIONAL COUNCIL OF CARPENTERS, ET AL. V. YOSHIMURA</u>; ORDER GRANTING DEFENDANT LANCE YOSHIMURA'S MOTION TO MODIFY SUBPOENA